### REID *VS.* EDWARDS.

1. The rules for the construction of contracts, whether verbal, written, or under seal, are the same. All contracts are to be performed according to their legal interpretation, and where one undertakes *expressly*, for the performance of some act, the *positive* engagement casts upon him a *duty*, the discharge of which cannot be excused, by shewing his inability, by reason of the *lawful interference of some third person.*

2. Where one neglects to qualify his contract, so as to make such an excuse available, he waives it as a defence, against a recovery of damages for non-performance.

3. It is competent for a defendant to admit the *legal* sufficiency of the cause of action with which he is charged, and put the plaintiff upon proof only, of its existence in point of fact: and where this is done, and the issue found against the defendant—the *legality* of the contract is not open for revision.

Error to the Circuit court of Lauderdale.

Assumpsit, before Judge *Lane.* This was an action brought by plaintiff below, on a special agreement, which was in substance this :

The defendant held in his hands an execution of *fi. fa.* against one Thomas W. Edwards, in favor of Charles Whitaker, which was levied on a negro boy named Henry, in the possession of the plaintiff, as the property of Thomas W. Edwards. The defendant agreed, that if plaintiff would pay him the amount of the execution, he would return the boy to him on the bank of the Tennessee river, at Florence ferry.

The declaration contained a special count, alleging that plaintiff had paid to defendant, the amount called for by

Reid *vs.* Edwards.

the execution, in pursuance of their agreement, but that defendant had failed to deliver the boy as he had agreed to do: To which were added counts for money paid and expended, had and received. Plea, *non-assumpsit.* Verdict and judgment for plaintiff.

The evidence disclosed, in substance, the following facts: That the defendant was acting as deputy sheriff, and in that capacity took the slave, which was in possession of plaintiff, to satisfy the aforesaid execution; that he received from plaintiff one hundred and sixty-eight dollars, the amount called for by the execution; and was to have delivered the boy at Florence ferry, on the bank of the Tennessee river. The execution was by defendant returned satisfied; that the slave was in jail, and that plaintiff and defendant were proceeding to the jail, to carry into effect their said agreement; but the sheriff refused to deliver the slave, alleging that another execution in favor of a third person, against the said Thomas W. Edwards, had come to his hands, and that he must retain him to satisfy that execution: That the sale to satisfy this last execution was forbidden, and no bond of indemnity having been given, the boy was delivered to attorney of plaintiff, in the last mentioned execution.

The bill of exceptions shews, that the court charged the jury, that if they believed that the defendant promised to deliver the boy at a particular place, in consideration of the payment of the money, he was bound to have done so, notwithstanding another execution might have been levied on the property by the sheriff himself --whether it was liable to satisfy the execution or not.

And that the execution which was levied by the sheriff in favor of the third person as aforesaid, and produced and read in evidence, must be excluded from their minds in making up their verdict.

The plaintiff in error, assigned the instructions given to the jury as error.

*Peck*, for the plaintiff in error.
*Parsons*, contra.

*Peck*, for the plaintiff, contended that defendant ought not to have recovered below, on the special agreement, because it was void. It was in derogation of the rights of the plaintiffs in execution: it was without consideration, and against public policy ; and *to this effect cited* 1 Johns. Cases, 284; 7 Johns R. 425; 15 Johns. R. 443.

2. The plaintiff below could not recover under the common counts, because the money received was in discharge of the execution, and so applied: consequently, the defendant was, and still is liable for the money so received, and should he be compelled to pay it in this form of action, would not be protected from paying it again on motion—(Chitty on Cont. 193; Chitty's Pl. 334, note 4; 7 Johns. R. 132; 8 T. R. 269.)

*Parsons*, contra. Verbal and written contracts have the same efficacy, properties and effects—(Chitty on Con. 1.) The construction of contracts, the same whether in law or equity—nor are they varied by the circumstances of the contract being under seal—(Ib. 19; 13 East, 74.) The tenant on a general lease is bound to repair, not-

Reid *vs*. Edwards.

withstanding the premises were burnt—(6 T. R. 650; see also Hadley vs. Clark, 8 T. R. 151—which is the Embargo case.)

COLLIER, C. J.—The arguments at the bar have presented this case to the court, as if the legality of the contract disclosed in the first count of the declaration, was now open for revision. A slight examination of the state of the pleadings would doubtless have convinced the counsel that they were laboring under a misapprehension. Had the plaintiff have desired to avail himself of the invalidity of that contract, his course was plain—he had only to demur to that part of the declaration. But instead of doing this, he has by his plea, tendered an issue of fact to the entire declaration, and on this issue, was the case tried in the Circuit court. It is clearly competent for a party to admit the *legal* sufficiency of the cause of action with which he is charged by the pleading, and only put his adversary upon proof of its existence in point of fact.

The first count set forth the cause of action as it was proved at the trial, and if it did not show a liability, the plaintiff should have demurred to that count, unless he was unwilling to avail himself of a legal advantage. His omission to except to the declaration in the Circuit court, precludes objection here. If injustice has been done him, the fault is not in the law, but in himself, in not presenting his defence in such a form as to authorise its consideration.

It will follow, from what we have said, that the charge of the Circuit court was correct, so far as it as-

sumes the right of the defendant in error to recover, if he has paid the sum of money which he stipulated with the plaintiff to pay him : the payment of the money was the only act to be done by the plaintiff. So that the court merely determined, if the defendant had performed his part of the contract, *under the state of the pleading*, the plaintiff was responsible to him in damages.

It is, however, argued, that the charge to the jury is erroneous, in supposing that the subsequent levy by the sheriff afforded no excuse for the non-performance of the plaintiff's contract. The rules for the construction of contracts, whether verbal, written, or under seal, are the same. All contracts are to be performed according to their legal interpretation, and where a party undertakes *expressly* for the performance of some act, his *positive* engagement casts upon him a *duty*, the discharge of which cannot be excused, by showing his inability, by reason of the *lawful interference of some third person*—(See Chitty on Con. 272, 273.) By neglecting to qualify his contract, so as to make such an excuse available, he waives it as a defence against a recovery of damages for non-performance. This point we understand to have been in effect determined in Perry vs Hewlett, (5 Porter's R. 318.)

It is needless to consider what (under a proper state of case,) would be the effect of the payment of the money by the plaintiff, to the execution creditor, as the question was not raised below, and it does not appear when the payment was made, whether before or after suit brought.

Considering the case only *as it is presented by the pleadings*, and not as it might possibly have been presented,

we think there is no error in the instruction given to the jury.

The judget is consequently affirmed.