The judgment is affirmed.

*For affirmance*—The CHANCELLOR, CHIEF JUSTICE, BEDLE, DEPUE, SCUDDER, VAN SYCKEL, WOODHULL, CLEMENT, KENNEDY, OGDEN, OLDEN, LATHROP.

*For reversal*—None.

---

JOHN A. McEACHRON ET AL., PLAINTIFFS IN ERROR, v. THE INHABITANTS OF THE TOWNSHIP OF NEW PROVIDENCE, IN THE COUNTY OF UNION, DEFENDANTS IN ERROR.

1. A township collector's bond conditioned "that the said J. A. M. (the collector) shall truly and faithfully perform all the duties enjoined on him as collector of said township," is, in substance and effect, such as the law requires, namely, a bond conditioned "for the faithful performance of all the duties of said office of collector of said township according to law."

2. The duty enjoined upon the township collector by the act of 1846, was the unconditional payment of all the tax money which actually came into his hands, whether such money had been collected by him in the ordinary way, or had been received from a constable for delinquent taxes.

3. The responsibility of a constable under the twenty-third section of the act of 1846, with respect to moneys collected on a tax warrant, did not differ from that of the township collector with respect to moneys collected or received by him.

4. The taxes collected by virtue of the twenty-ninth section of the act of 1866 are held by the township collector precisely as he holds any

McEachron et al. v. Inhabitants of the Township of New Providence.

other tax money which he has collected or received, subject to the same duty and the same liability.

5. This duty is the unconditional payment of the money collected, to the person and at the time directed by the act, and for its performance the collector and his sureties became bound, just as they would have been bound if that particular duty had been specified in the condition of of the official bond.

6. Their liability results from, and must be measured by, their contract; and this being in effect an absolute covenant that the collector will pay over the money collected, it is no defence to an action brought to enforce this covenant, that the money, after having been collected, was stolen from the collector, without any negligence, want of due care, or other blame or fault whatever, on his part.

In error to the Union County Circuit Court.

For former proceedings in this case, see 4 *Vroom* 339.

Judgment on the demurrer having been rendered for the demurrant (the plaintiff) in the Circuit Court of Union county, the same was removed to this court by writ of error, and error assigned upon the record, raising the same points discussed in the advisory opinion of the Supreme Court.

*Mr. C. Parker*, with whom was *Mr. B. Williamson*, for the plaintiffs in error, presented the following points and authorities :

I. A township collector is a simple depository of the moneys of the township committed to his charge, and bound to take reasonable care thereof. If, without negligence on his part, they are stolen, he nevertheless fulfills the condition of his bond. *Vere* v. *Smith*, 2 *Levinz*, *pl.* 5 ; *Lane* v. *Cotlin*, 1 *Ld. Ray.* 646 ; *Whitfield* v. *LeDespencer*, *Cowp.* 754 ; *Supervisors of Albany* v. *Dorr*, 25 *Wend.* 440 ; *Supervisors of Albany* v. *Dorr*, 7 *Hill* 584 ; *Lewin on Trusts* 299 ; *Willis on Trustees* 85, 16, 194, note 88 ; *Story on Bailments*, § 23, *et seq.* ; *Story on Bailments*, §§ 88, 124, 125, 620, 621 ; *Foster* v. *Essex Bank*, 17 *Mass.* 479 ; *Whitney* v. *Lee*, 8 *Metc.* 91 ; *Finnear* v. *Small*, 1 *Esp. R.* 315 ; *Butt* v. *G. W. R. Co.*, 7

*E. L. and E.* 448; *Burke* v. *Trevitt*, 1 *Mason* 96, 100; *Browning* v. *Hanford*, 5 *Hill* 588.

II. By the statutes of New Jersey, these moneys were in his hands, *quo ad* constable, and in that case, by express provision, he was not liable for deficiency happening without his fault. § 23, *Act concerning Taxes, Nix. Dig.* 941.

For defendants in error, *Messrs. McCarter* and *Magie.*

.The opinion of the court was delivered by

WOODHULL, J. The plaintiffs below, having declared against McEachron and his sureties, the plaintiffs in this court, on the official bond of McEachron, as township collector, assigned as one of the breaches of the condition of the said bond, that the defendant, McEachron, " did not, by the 22d day of December," &c., pay the taxes by him collected, &c., according to the statute in such case made and provided.

By their third plea the defendants admit that, after the 22d day of December, &c., McEachron did collect and receive as such collector, &c., from divers persons therefor, and then delinquent in payment of their taxes, moneys which have not been paid over to the county collector, amounting together to the sum claimed in the declaration, and which are averred to be the same moneys the non-payment of which is therein alleged.

The plea then proceeds as follows: " Yet these defendants say that the said John A. McEachron, having collected and received the said moneys as such collector as aforesaid, and having the same in his custody and possession, with intent then and there immediately to pay over and deliver the same to the said collector of the county of Union, as by law required, the said moneys having been by him collected, and being in his possession as aforesaid, with the intent aforesaid; and being by him then and there carefully kept, in order to the payment thereof as aforesaid, and being the identical moneys by him received as such collector as aforesaid, on the second day, &c., were out of the possession and custody of the

said McEachron, by certain persons to the defendants unknown, unlawfully and feloniously stolen, taken, and carried away, without any negligence, want of due care, or other blame or fault whatever, on the part of the said McEachron, and the same were then and there, and still remain, wholly lost and gone and unrecovered."

This plea having been demurred to, the demurrer was sustained by the Supreme Court, on the ground that the facts stated in the plea do not constitute a legal defence to the action. It is admitted that the decision of the question raised by the demurrer in this case, depends on the true construction of the official bond of the collector, taken in connection with those provisions of the statute which prescribe his duties. Every township collector, before entering upon the duties of his office, is required by law to enter into bond to the inhabitants of his township, "conditioned for the faithful performance of all the duties of said office of collector of said township, according to law." *Nix. Dig.* 982, *pl.* 25.*

The condition of the bond on which this suit is founded, is in these words: " That the said John A. McEachron shall truly and faithfully perform all the duties enjoined on him as collector of said township."

It was suggested, rather than urged, on the part of the plaintiffs in error, as an objection to the validity of this bond, that its condition is different from that which the statute prescribes. This difference, however, is manifestly merely verbal, and in no sense substantial. The addition of the word "truly" does not enlarge, nor the omission of the words "according to law," restrict the meaning of the condition.

In binding the collector to the true and faithful performance of all the duties enjoined on him as collector, it does, necessarily, in substance and legal effect, bind him to neither less nor more than the act requires—that is, the faithful performance of all the duties of the office of collector according to law.

In *Camp* v. *Allen et al.*, a similar objection was taken to a bond to the sheriff for the prison limits. The question was,

---

* *Rev.*, *p.* 1198, § 25.

McEachron et al. v. Inhabitants of the Township of New Providence.

whether the condition of the bond was in conformity with the act by virtue of which the bond was taken. In examining this question, Chief Justice Ewing, who delivered the opinion of the court, said : " The bond is conformable to the statute, if substantially, though not verbally the same. The rule has been so settled since *Beaupage's case*, 10 *Co.* 99. If there is a verbal difference from the form prescribed by the statute, but none in substance and effect, the bond is good."

The condition directed by the statute in that case was, that the prisoner would " keep within the said bounds ;" in the bond taken by the sheriff, it was that he would " keep within the bounds of the prison, and not walk off or depart the same, unless he be discharged by due course of law."

This bond was held to be good, because it did not differ, in " substance and effect," from that which the statute prescribed. 7 *Halst.* 1.

The verbal difference between the bond and the statute in *Camp* v. *Allen,* was much greater than in the present case. There can be no difficulty, therefore, in holding, on the authority of that case, that this collector's bond is, in all material respects, such as the act calls for, and that the objection taken to it on the ground above stated, ought not to prevail.

The collector, then, being legally bound with his sureties, for the faithful performance of all the duties of his office, according to law, the next inquiry will be what those duties are.

By the eleventh section of the act of 1846, the township collector shall pay the taxes by him collected, and the fines and forfeitures by him received, by virtue of any law of this state, to the collector of the county, by the 22d day of December in every year. 4 *Nix. Dig.* 939, § 11.*

The twelfth and thirteenth sections of the same act provide that, in the case of the non-payment of taxes at the time appointed, having made out and delivered to a justice of the peace a list of the delinquents, with the sums due from them respectively, and having taken from the justice a receipt for such list, &c., the township collector " shall not be charged by the county collector with the sums in such list contained,

* *Rev.,* p. 1142, § 11.

until he shall have *received the same* from the constable."
By the twenty-fourth section of the same act, he shall, upon
receipt of any tax money from a constable, make immediate
payment thereof to the county collector.

And the following section provides that if he shall not pay
the tax money by him collected, or by him received from the
constable, or shall pay only part thereof at the time appointed
by law, he shall be liable for the same.   4 *Nix. Dig.* 941.*

Nothing can be clearer than that the duty enjoined upon
the township collector by the act of 1846, was the uncondi-
tional payment of all the tax money which actually came into
his hands; whether such money had been collected by him
in the ordinary way, or had been received from a constable
for delinquent taxes.   Has this duty been in any respect
changed by the supplement of 1866 ?

By the twenty-fifth section of this act, " it shall be the duty
of the collectors of the townships, &c., out of the first moneys
which shall be collected by them, to pay to the county col-
lector of the county in which they hold their offices, the
state and county taxes required to be assessed in their several
townships, &c., at the time required by law to pay the same."
4 *Nix. Dig.* 956, *pl.* 107.†

The twenty-ninth section provides that warrants for the
collection of delinquent taxes shall be delivered to the town-
ship collector, who, in the execution of such warrants, shall
have the same powers and perform the same duties, be subject
to the same forfeitures, &c., as is prescribed to the constables
by the act of 1846.   4 *Nix. Dig., pl.* 111.‡

The effect of this section was simply to dispense with the
constable in the collection of delinquent taxes, and to put in
his place the township collector, who, with respect to such
taxes, stands now precisely as the constable stood before the
act of 1866, with the same powers, duties, and liabilities.

The twenty-third section of the act of 1846 enacts that the
constable shall be liable for the amount of the taxes which
by his tax warrant he was required to make, &c., or for such
part thereof as he shall not have paid to the township col-

lector, "except the deficiencies happen without any neglect, fraud, or default on his part." 4 *Nix. Dig.* 941.* It is contended, on the part of the plaintiffs in error, that the alleged loss, in this case, falls within the exception of the twenty-third section, and that, if it had happened to a constable under like circumstances, he could not have been held responsible for it.

From these premises, the argument is conclusive against the liability of the collector in this case. But the premises cannot be admitted. In the first place, the construction contended for is not in harmony with the general scheme and policy of the act as indicated in those sections which relate to the duties of township collectors. These officers as we have seen, are, in the most explicit terms, required to pay over, without condition or exception, all the tax money collected or received by them. In case of the non-payment of the taxes at the time appointed, there is a way provided by which, having used the proper means to collect, they may claim credit for such taxes as remain uncollected. But the tax money having once come into their hands, there is no provision to enable them to claim credit for any subsequent loss of such money.

This being the manifest intent of the act with respect to the public moneys in the hands of the township collector, it is hardly reasonable to suppose that the legislature intended to introduce, in the same act, a different rule as to moneys in the hands of the constable.

Nor in the second place, is this construction sustained by the language of the twenty-third section, interpreted in the light of other provisions of the same act. The eighteenth section requires the constable to pay the tax for which his warrant was issued, within forty-five days after the date thereof. The first part of the twenty-third section is to the same effect, providing that " he shall be liable for the amount of the taxes which by his tax warrant he was required to make, &c., or for such part thereof as he shall not have paid," &c.

* *Rev.*, p. 1144, § 23.

Stopping here, the act would have made the constable insure the collection of all the taxes he was required to make. But to this measure of responsibility the legislature did not intend to hold either the constable or the township collector; and having already made provision to enable the latter to claim credit for taxes not collectible, the words "except the deficiencies," &c., were introduced to enable the constable to do, in effect, the same thing—that is, to discharge himself from responsibility for such taxes as, without any neglect, fraud, or default on his part, he had been unable to collect.

As to all taxes actually collected, however, the duty of the constable, like that of the township collector, was to pay the amount collected to the person and at the time required by law. It follows, from this view of the twenty-third section of the act of 1846, that the taxes collected by virtue of the twenty-ninth section of the act of 1866, are held by the township collector precisely as he holds any other tax money which he has collected or received, subject to the same duty and the same liability.

This duty being, as we have seen, the unconditional payment of the money collected, to the person at the time directed by the act, the collector and his sureties became bound for the faithful performance of that duty, just as they would have been bound if that particular duty had been specified in the condition of the official bond.

If the undertaking had been to *account*, merely, as in *Vere* v. *Smith, Levinz, part* 2, *pl.* 5; or to exercise reasonable diligence and care, as in *Bess* v. *Hatch,* 5 *Iowa* 149; or if it had appeared that a township collector holds the tax money which he has collected subject to no greater liability than that of an ordinary bailee for hire, the authorities cited on the part of the plaintiffs in error would have been in point, and might have been conclusive in their favor. But as in those cases the defendants were held liable according to the terms of their respective contracts, whether express or implied, so in the present case, the liability of the collector, and his sureties results from, and must be measured by their contract,

and nothing else. And this having been ascertained to be in effect an absolute covenant that the collector will pay over the money collected, it needs no argument to prove that, to an action on such a contract, the plea demurred to discloses no valid defence.

There is no principle of the common law upon which such a defence can rest.

The hardship of holding a collecting officer absolutely responsible for the safe keeping of the public moneys, under his own express agreement to that effect, is certainly no greater than that which often results to private persons when held to a strict performance of their contracts—such, for example, as an express covenant by a tenant to pay rent or to repair; and the remarks of Chancellor Kent with reference to the enforcement of such covenants after the tenants have been deprived of the enjoyment of the premises, by inevitable misfortune, are equally applicable to the contract of the collector and his sureties in this case. "If a party will voluntarily create a duty or charge upon himself, he ought to abide by it when the other party is not in fault, and when he might have provided, if he had chosen, against his responsibility in case of such accidents," 3 *Kent's Com.* 467.

The judgment of the Supreme Court, in this case, is abundantly sustained by the authorities cited by the Chief Justice in his opinion, the leading case being that of the *United States* v. *Prescott*, 3 *How.* 578, and which, as he remarks, is not distinguishable from the one now before us. That case was decided in 1845, and has been ever since approved and followed with singular unanimity by all the courts, not only of the United States, but of every state, so far as I know, in which the official responsibility of the depository of the public money has since been drawn in question.

The judgment of the Supreme Court must be affirmed.

*For affirmance*—THE CHANCELLOR, WOODHULL, SCUDDER, VAN SYCKEL, OGDEN, OLDEN, LATHROP, WALES—8.

*For reversal*—None.