## THE STATE OF IOWA:

### DES MOINES, JUNE TERM, A. D. 1874.

IN THE TWENTY-NINTH YEAR OF THE STATE.

---

PRESENT:

HON. WILLIAM E. MILLER, CHIEF JUSTICE.
" CHESTER C. COLE,
" JAMES G. DAY. } JUDGES.
" JOSEPH M. BECK,

---

## THE DISTRICT TOWNSHIP OF UNION v. SMITH ET AL.

1. **Public Officer:** BOND. A public officer is not excused from compliance with the terms of his bond by any events against which he could have provided in it.

2. ——: ——. The occurrence in the bond of an officer of the words "to the best of his ability" was *held* not to protect his bondsmen from their liability for non-fulfillment of the terms of the bond, occasioned by inevitable accident.

3. **Practice:** JUDGMENT: DEMURRER. Unless error be affirmatively shown, the ruling of the court below will be sustained; and where judgment was rendered sustaining a demurrer to one of several counts to an answer, and the abstract is silent in regard to them, the judgment will be affirmed.

THURSDAY, JUNE 4.

### Appeal from Harrison District Court.

ACTION upon the official bond of the treasurer of the plaintiff to recover money received by him in the discharge of his official duties, which he has failed to pay over. The condition of the bond is in these words: "If the above bounden Jed. W. Smith, shall well and truly fulfill the duties of treasurer in the district township of Union, and county of Harrison, and State of Iowa, to the best of his ability and according to law, then this obligation to be void," etc.

The answer of defendants, as a defense to the action, sets up that the identical sum, to recover which suit is brought, while in the possession of the treasurer of plaintiff, was accidentally consumed by fire without want of care and diligence on his part, and that plaintiff had neglected to provide for its treasurer a fire-proof building or safe for the preservation of its money.

To the counts of the answer setting up this defense a demurrer was interposed by plaintiff, which was sustained by the court. Defendants refusing to plead further, judgment was entered for plaintiff; from this decision of the court they appeal.

*Clinton, Hart & Brewer,* and *L. R. Bolter,* for appellants.

*T. E. Brannon,* for appellee.

BECK, J.—I. The law makes it the duty of the treasurer of a school district to hold all money belonging to the district, and to pay it out upon proper vouchers, signed by the president and secretary. It also provides that his bond shall be conditioned for the faithful performance of his duties. Acts Ninth General Assembly, Chap. 172, §§ 24, 43–47; Rev., §§ 2037, 2048–2051.

We will first determine whether, upon a bond conditioned as required by law, recovery may be had for money of the district destroyed while in the hands of the treasurer, without fault on his part, and by inevitable accident.

1. PUBLIC OFFICER; bond.

When a duty is imposed by law, the act of God rendering its discharge impossible will excuse performance; but it is the settled rule of the authorities that the performance of a contract will not be excused upon that ground. When one binds himself by his solemn agreement to do an act, he is held liable for its non-performance, though it is rendered impossible by events over which he had no control. If performance is rendered impossible by the destruction of the subject matter of the contract, or by the death of the person upon whose life performance depends, and the like, the obligor will be discharged. But the law holds that events, against which the parties could have provided in their contract, shall never be alleged as an excuse for the non-performance of obligations into which they have entered. *Bacon et al. v. Cobb et al.,* 45 Ill., 47; *School Trustees v. Bennet,* 3 Dutcher, 513; *Tompkins v. Dudley,* 25 N. Y., 272; *Harmony et al. v. Bingham,* 2 Kearn. 99; *Adams v. Nichols,* 19 Pick. 275; *School Dist. No. 1 v. Dauchey,* 25 Conn., 530; *Brumby v. Smith,* 3 Alabama, 123; *Reid v. Edwards,* 7 Porter, 508; *Davis v. Smith,* 15 Missouri, 467; *Williams v. Vanderbilt,* 28 N. Y., 217; *Stone v. Dennis,* 3 Porter, 231; *Mill Dam Foundry v. Hovey,* 21 Pick., 217; *Fowler et al. v. Bott et al.,* 6 Mass., 63.

The rule as stated above is recognized in England. See Chitty's Contracts, 734, and authorities cited. And the same doctrine is announced and sustained by authorities in *The District Township of Taylor v. Morton,* 37 Iowa, 550. It is there shown that *Ross v. Hatch,* 5 Iowa, 149, is not inconsistent with our conclusions here announced. In that case it is held that the liability of public officers is determined by the terms and conditions of their official bonds, and that one bound in that way only to the exercise of reasonable diligence in the preservation of money entrusted to his care, is not liable for money stolen from him without his fault.

II. We are required to notice the condition of the instrument sued on and inquire whether, by its terms, defendants are excused for the non-payment of the money of plaintiff received by the treasurer, by its destruction through accident without

his fault. The duty of the treasurer as prescribed by law, we have seen, is to hold plaintiff's money and pay the same out upon lawful vouchers. The condition of the bond in suit accords substantially with the requirements of the statute above cited, except that the words, "to the best of his ability" are found therein, referring to the discharge of his duties by the treasurer. It would indeed be an extraordinarily liberal construction of these words, that would discover in them a condition exempting the officer from performance of his duty on account of accident, or inability brought about by accident. He is obligated by the bond to discharge his duty to the best of his ability. Without the words used he would be so bound, for it can hardly be claimed that anything more or less can be required of a public officer. But admitting that they have special force, it certainly cannot be claimed that they operate to exempt defendants from liabilities resulting from accident that would otherwise exist. Without the words, it must be admitted that defendants would be liable for the money, though it were destroyed by inevitable accident. Certainly the words express no condition restricting such liability. It is vain to say that they express any such thought as that the defendants have provided by stipulation to the effect that they shall be excused from the performance of the consideration of the contract by accident over which they have no control. We will not pretend to inquire what force the words do possess. Certain it is they cannot be construed as a condition excusing the treasurer from the non-performance of his duty on the ground that he was not possessed of the requisite ability. This is true of a failure in the discharge of duty pertaining to any matter connected with his office. If it were otherwise, in order to hold the treasurer liable inquiry must be made as to his qualities of mind and body, and whether they were exercised to the extent of their capacity. It is very plain that the words under consideration were not introduced into the contract to accomplish any such purpose.

We are brought to the conclusion that defendants are not protected by a stipulation in the bond against liability for non-performance of their contract occasioned by inevitable

accident. We conclude that the demurrer to the answer setting up the loss of the money by accident was correctly sustained.

The correctness of the ruling sustaining the demurrer to the count of the answer setting up the fact that plaintiff failed to provide proper and safe means of keeping the money, is not questioned upon this appeal. It need not, therefore, be considered.

III. There are other counts in the answer than those assailed by the demurrer. Defendants' counsel insist that it was error to render judgment upon the demurrer while these stood. We will briefly consider the point here made.

The counts not attacked by the demurrer contain a simple denial of indebtedness, an admission of the allegations of the petition, and an averment of performance of the conditions of the bond by the discharge of the duties of the office of treasurer according to the best of the abilities of the principal defendant. Those containing admissions confess facts supporting plaintiff's right to recover. The fact that these were not reached by the demurrer does not affect plaintiff's right to judgment thereon.

The other counts, in that one simply denies the indebtedness of defendant, and the other presents another conclusion of law instead of facts, were obnoxious to objection on these grounds, which authorized those parts of the answer to be stricken out. Rev., § 2941. See authorities cited in notes to Revision, pp. 520–524.

The abstract is silent in regard to these counts, and no mention is made of any action of the court in regard to them. 3. PRACTICE: judgment: demurrer. The court, in rendering judgment, regarded them as not standing in the way, and proceeded as though they had been stricken out upon proper objection. Now, as we are required to presume in favor of the correctness of the court's action, we must conclude that these counts were disposed of by proper order of the court before judgment was rendered. The rule requiring such presumption is familiar and requires us to consider the rulings of the court to be correct, unless error be affirmatively shown.

The case before us is this: The counts in question are bad, and ought to have been so declared by the court. In rendering judgment the court did disregard them. In the absence of any showing to the contrary, we will presume they were stricken out upon order of the court. This presumption is supported by the further fact that we find no question was made in the court below of the character here considered, and defendants do not appear as insisting there that the counts in question were obstacles to the rendition of judgment. It may be further remarked that, as we have not all the record before us, it cannot be urged that the absence of any mention of the court's ruling upon the counts in question, rebuts the presumption we exercise. The abstract upon which the case is submitted presents only the facts that are involved in the ruling upon the demurrer. It is not claimed that no other proceedings were had in the case, and we cannot so presume.

No other points are made in the case. We find no error in the record.

AFFIRMED.

COLE, J., *dissenting*.