# Jones *v.* Anderson.

### *Statutory Detinue for Oxen, Log-Cart, and Fixtures.*

1. *Assessing separate value of articles sued for.*—In a statutory action for a team of oxen, a log-cart and fixtures (Code, § 2944), judgment on verdict being rendered for the plaintiff, the failure to assess the separate value of the several articles is a reversible error.

2. *Excuse for breach or non-performance of contract.*—When a contract imposes on a party a duty not purely personal, as to deliver a quantity of timber within a reasonable time, his inability by reason of accident, want of means, insolvency or other cause, does not excuse non-performance.

3. *Parol evidence explaining terms used in writing.*—Parol evidence is admissible to explain the meaning, among men engaged in the timber business, of the words "hewn timber, to average one hundred and twenty feet, and to class B No. 1 good," as used in a written contract.

4. *Election to rescind on account of fraud.*—On a sale of personal property procured by fraud, the defrauded party may rescind within a reasonable time after the discovery of the fraud ; but there can usually be no rescission, unless both parties can be practically restored to their prior condition ; and the vendor can not claim to rescind, and retake the property sold, without returning or offering to return the purchaser's note, or other written obligation for the price.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by D. J. Anderson, against George M. Jones and A. A. Autrey, to recover four yokes of oxen, a log-cart, chains and fixtures. The defendants executed the necessary bond, and retained the posession of the property. The cause was tried on issue joined on the plea of *non detinet*, and resulted in a verdict and judgment for the plaintiff, for the specific property sued for, or $386.25, its assessed value. The property sued for had belonged to the plaintiff, and was sold by him to the defendants, as evi-

[Jones v. Anderson.]

denced by contract in writing signed by defendants alone, and dated November 4th, 1881, in consideration of "twenty-five pieces of hewn timber, to average one hundred and twenty feet, and class B No. 1 good, now lying near Brooklyn, Alabama; to be delivered in the mouth of Battle Creek as soon as possible; to be pointed out to the said D. J. Anderson, and branded with his private mark," &c. The timber not having been delivered as stipulated, the plaintiff re-took his property, claiming a right to rescind the contract; and the defendant having afterwards regained the possession, this action was brought. The errors assigned are, the failure of the verdict and judgment to assess the separate value of the several articles sued for, the admission of evidence which was excepted to, charges given, and the refusal of several charges asked. The material facts will be understood from the opinion of the court, in connection with the former report of the case.—76 Ala. 428.

GAMBLE & RICHARDSON, and SALLWORTH & BURNETT, for appellant, cited Code, § 2944; *Smith v. Wiggins*, 3 Stew. 221; *Bell v. Pharr*, 7 Ala. 807; *Rowan v. Hutchinson*, 27 Ala. 328; *Rose v. Pearson*, 41 Ala. 692; *Miller v. Jones*, 29 Ala. 186; *Rambo v. Wyatt*, 32 Ala. 363; *Haynes v. Crutchfield*, 7 Ala. 189; *Jones v. Pullen*, 66 Ala. 309; *Jones v. Anderson*, 76 Ala. 428.

G. R. FARNHAM, *contra*.

SOMERVILLE, J.—1. When this case was last before us on appeal, the judgment was reversed for the defect of failing to specify, in either the verdict or judgment, the separate value of the several articles sued for in the action, which is one of *detinue* under the statute.—*Jones v. Anderson*, 76 Ala. 428. The same defect occurs in both the verdict and judgment in the present record, and must operate as a reversal of the judgment.—*Townsend v. Brooks*, 76 Ala 308; Code, 1876, § 2944; *Jones v. Pullen*, 66 Ala. 309, and authorities in the brief of appellant's counsel.

2. The obligation assumed by the defendants, in their written contract, was to deliver, within *a reasonable* time, the timber sold by them to the plaintiff as the consideration to be paid for the wagon, teams, and fixtures here sued for. The court properly charged the jury, that what was a reasonable time did not depend on the ability of the defendants to make such delivery. Where a contract imposes some duty not purely personal—that is, which may be done as well by others as the promisor himself—his inability to per-

[Bain & Sons v. Mitchell.]

form by reason of accident, want of means, insolvency, or other reason, does not excuse non-performance. The damage of the breach, in all such cases, must fall on him who has failed to keep his promise.—2 Whart. Contr. § 323 ; *Reid v. Edwards*, 7 Port. 508 ; *McGehee v. Hill*, 4 Port. 170.

3. The parol evidence was properly admitted to explain the signification attached, among persons engaged in the timber business, to the words "hewn timber, to average one hundred and twenty feet, and to class B No. 1 good."—*Jones v. Anderson*, 76 Ala. 428.

4. When a purchase of property is made by one person from another, by a false pretense, or other like fraud, the party defrauded may elect to rescind the sale within a reasonable time after discovery of the fraud. But there can usually be no rescission, unless both parties can be restored practically to the condition in which they were before the contract was made. This involves the restitution of whatever of value each may have received under the contract. Where this can be done, it must be done, or an offer made to do so by the party proposing to rescind; unless he show an excuse for failing to make such offer, as that it would have been fruitless, or for other good reason.

Under this rule, the plaintiff should have offered, before the trial, to return the written obligation of the defendants, as a necessary part of the offer to rescind. He could not retain this, and, at the same time, insist on re-taking his property.—*Evans v. Gale*, 43 Amer. Dec. 614 ; *Kimball v. Cunningham*, 3 Amer. Dec. 230 ; Bishop on Contr. § 679 ; 1 Whart. Contr. § 285.

Reversed and remanded.