## LEAVITT *v*. DOVER.

One who has contracted to do work for a fixed sum according to specifications, cannot recover additional compensation for a part of the work which became useless and had to be done over on account of the giving way of a temporary structure built according to the specifications, but inadequate.

A stipulation by the contractor " that no claim or demand for extra labor or materials of any kind whatever shall be presented by him at any time

during the progress of the work or after its completion," applies to such a claim.

ASSUMPSIT, for labor and materials.

*James A. Edgerly* and *Joseph H. Worcester*, for the plaintiff.

*William F. Nason* and *John Kivel*, for the defendants.

BLODGETT, J.    July 17, 1888, the parties executed a contract, under seal, by which the plaintiff agreed to construct two wells for the defendants, in accordance with the specifications annexed to and made a part of the contract, for the sum of $10,500.    As a means of constructing each of these wells, it was necessary first to put in a curb, made of timber and plank, of sufficient size and strength to allow the stone and brickwork of the well to be built within it, and which was to be removed as soon as its object was accomplished.    The curb shown upon the plan accompanying the specifications was octagonal in form, and the specifications also prescribed the size and quantity of timber and planking to be used in making it.

In constructing the upper of the two wells, the plaintiff attempted to use such a curb, but after the well had been sunk to the depth required, which was accomplished with difficulty on account of quicksand a short distance below the surface of the ground, as well as the moist condition of the ground itself, the curb gave way and the ground caved in, which rendered valueless all that had been done up to that time.    The plaintiff claimed, and the defendant denied, that this resulted from inherent defects in the curb specified; that it should have been circular in form, instead of octagonal.    This issue was specially submitted to the jury, and they disagreed upon it.    The plaintiff subsequently constructed the two wells, and has been paid the full contract price.

In this action he seeks to recover compensation for the labor, materials, and use of tools and machinery furnished by him in constructing the well that caved in; and the question transferred is, whether he is entitled to recover therefor if he shows that the caving in of the well resulted in whole or in part from inherent defects in the curb described in the specifications and plan.

This question has no materiality.    If it had been decided by the jury in the plaintiff's favor, no verdict could have been predicated upon it.    Whether the prescribed curb would prove adequate to its intended object was a matter of more or less uncertainty, as to which it was the plaintiff's duty to form his own conclusion. If he entertained doubts as to its sufficiency, he should have provided against the contingency in his contract; and for his neglect to do so the law affords no relief.    Having voluntarily entered into an absolute contract, without any qualification or exception,

to construct the wells for the defendant at a stipulated price, which he has received, he must abide by his contract and perform his undertaking.    The caving in of the earth did not render performance impossible, but simply made it more expensive ;. and no principle is better settled than that where a party by his own contract creates a duty or charge upon himself, he is bound to make it good, no matter what the cost or difficulty, if performance be not absolutely impossible.    *Walton* v. *Waterhouse,* 2 Saund. 420, 422 *a,* *n.* 2; *Brecknock, &c., Company* v. *Pritchard,* 67 R. 750; *Atkinson* v. *Ritchie,* 10 East 530, 533; *Maryon* v. *Carter,* 4 C. & P. 295; *Beale* v. *Thompson,* 3 B. & P. 405, 420; *Phillips* v. *Stevens,* 16 Mass. 238, 240; *Adams* v. *Nichols,* 19 Pick. 275, 276; *Boyle* v. *Canal Co.,* 22 Pick. 381; *Beebe* v. *Johnson,* 19 Wend. 500—*S. C.,* 32 Am. Dec. 518, 519, and note; *Trenton* v. *Bennett,* 27 N. J. Law 513—*S. C.,* 72 Am. Dec. 373, 374; *Bacon* v. *Cobb,* 45 Ill. 47, 52; *Steele* v. *Buck,* 61 Ill. 343, 346; *Janes* v. *Scott,* 59 Pa. St. 178—*S. C.,* 98 Am. Dec. 328; *Union* v. *Smith,* 39 Iowa 9, 11; *Dermott* v. *Jones,* 2 Wall. 1, 8.    And in this view of the law the plaintiff is also barred from a recovery by his express stipulation in the contract "that no claim or demand for extra labor or materials of any kind whatever shall be presented by him at any time during the progress of the work or after its completion."

For the other items in his specification he is to have judgment agreeably to the provisions of the reserved case.

*Judgment accordingly.*

CHASE, J., did not sit: the others concurred.