# Fletcher *v.* Prestwood.

### Action for Damages. for Breach of Contract.

1. *Measure of damages for breach of contract.*—Under a contract, by which defendant agreed to run and saw certain logs for the plaintiff "With all due diligence and as fast as water will permit," which contract, by its terms, was to terminate at the expiration of eight months, a charge, that the measure of damages for a breach by delay was "The difference in the price of the timber-at the expiration of the contract and the price received for said timber," states an erroneous basis for the computation of damages.

2. *Construction of contract.*—Under a.contract whereby the defendant agreed to run and saw certain logs for the plaintiff with all due diligence and as fast as water will permit, the defendant has no right to postpone the running and sawing of plaintiff's logs while he ran and sawed his own.

3. *Same.*—Under a contract to run and saw logs with all due diligence and as fast as water will permit, the stipulation as to water permitting has reference to natural conditions, such as drouth and the like, and does not cover the fortuitous breaking of a dam.

APPEAL from Covington Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

This action was brought by appellant, John E. Fletcher, against appellee, J. A. Prestwood, as assignee of a certain contract between appellee and one J. E. Boyett, by which the said Prestwood bound himself to run and saw certain logs, not less than five hundred and not more than two thousand, which might be placed in the wasteway or ditch of Prestwood. The contract provided that Prestwood should run and saw the logs with all due diligence, and as fast as water would permit. The complaint claimed that, during the months of January, February, March and April, 1900, plaintiff placed five hundred and fifteen logs in such ditch, but defendant,

[Fletcher v. Prestwood.]

instead of running them with due diligence, allowed them to remain in the ditch until February, 1901, by reason of which delay, the logs became sappy and worm eaten and much damaged. Among other defences, the appellee set up that the delay was due to the fact that his dam broke several times, and that he ran the logs as soon as he could repair the dam. There was evidence that, when the logs of the plaintiff were placed in the ditch, the defendant had logs of his own therein, which he ran, leaving logs of plaintiff. The contract sued upon provided that it should terminate at the expiration of eight months.

Upon the written request of the defendant, the court gave the following charges;—2. "The Court charges the jury that the measure of damages in this case (if you should decide that the plaintiff is entitled to damages) is the difference in the price of the timber at the expiration of the contract and the price received for said timber." 12. "The Court charges the jury that if they believe from the evidence that the defendant Prestwood did say that he would run his logs first, he had a right to run his logs first if he used all due diligence to put the logs or timber of plaintiff in the boom according to the terms of the contract."

There was verdict and judgment in favor of the defendant, from which the plaintiff appealed.

POWELL & ALBRITTON and B. H. LEWIS, for appellant.

HAMILTON & REID and J. F. STALLINGS, contra.

McCLELLAN, C. J.—The circuit court erred in giving charge 2, requested by the defendant. The defendant was, by the terms of the contract, to run and saw plaintiff's logs "With all due diligence and as fast as water will permit." The further stipulation, to the effect that the contract should terminate at the end of eight months from its date, was intended to provide that work under the contract, as well by the defendant in running and sawing the logs as by the plaintiff in delivering the logs in defendant's ditch and waterways, should cease after

that time, but it was not intended to relieve the defendant from running and sawing the logs with due diligence and as fast as water would permit, short of that time. If, for illustration, the plaintiff had delivered five hundred logs in January, 1900, and with due diligence, water permitting, these logs could have been sawn into timbers during the ensuing month, but were sawn and the timber delivered to the plaintiff within the eight months' limitation, this unnecessary delay would have constituted a breach of the contract for which plaintiff would have been entitled to recover whatever damages he sustained by the delay, whether resulting from depreciation in the value of timbers meantime, or from deterioration in the logs while they were left unsawn during the unwarranted delay. There was evidence tending to show that the defendant did not exercise the diligence which the contract required of him in respect of sawing the five hundred and odd logs plaintiff delivered in January, February, March and April, 1900; that, but for his default in this regard, the sawn timbers could and would have been delivered to the plaintiff long before the end of the eight months' period, and that such timbers were more valuable when they should thus have been sawn and delivered than at the expiration of the eight months. The charge was clearly erroneous in stating the basis for the computation of damages, and may well have led the jury to the conclusion they reached, that plaintiff had not been damaged at all.

Charge 12, to say the least, was confusing and misleading. The defendant had no right under the contract to postpone the running and sawing of plaintiff's logs while he ran and sawed his own. Nothing indeed but the want of sufficient water for the operations would justify the delay which the evidence shows occurred with respect to sawing plaintiff's logs; and the stipulation as to "Water permitting" has reference to the natural conditions, such as drouth and the like, bearing upon the supply of water in the ditch and wasteways, and does not cover the fortuitous breaking of defendant's dam.—*Jones v. Anderson*, 82 Ala. 302.

[Owensboro Wagon Company v. Hall.]

Of course this plaintiff was not injured in respect of that part of the logs and timber which did not belong to him, but to his brother, who was not a party to the action.

On another trial, if it is made to appear that the witnesses, Henry and J. H. Fletcher, know the capacity of defendant's mill and waterways, they should be allowed to testify as to the number of logs that could have been "Run"' and the number that could have been sawn, a day, while plaintiff's logs were in readiness.

The other rulings of the trial court are free from error. Reversed and remanded.

HARALSON, DOWDELL and DENSON, J. J., concurring.