# CHARLESTON

## WHEELING MOLD & FOUNDRY COMPANY *v.* WHEELING STEEL & IRON COMPANY.

Submitted March 9, 1905.    Decided May 27, 1905.

1. CONTRACT—*Clause Construed as Liquidated. Damages and Not Penalty.*

    Under the contract sued on, the plaintiff was to manufacture and deliver to the defendant certain machinery, at a time and place specified, at a price specified, and in case of failure to complete and deliver the machinery at such time and place, fifty dollars was to be deducted from the contract price for each day required to complete and deliver the machinery beyond the time specified. *Held*, that the fifty dollars per day to be deducted for delay in the completion and delivery of the machinery, is in the nature of liquidated damages and not a penalty.   (p. 64.)

2. CONTRACT—*Delay in Completing Contract.*

    The plaintiff cannot excuse delay in the completion and delivery of said machinery beyond the time specified in such contract, and avoid the deduction of fifty dollars per day from the contract price for such delay, by showing merely that it (plaintiff) proceeded in good faith and with due diligence, with the use of all means in its power and at its command, to perform the contract.   (p. 66.):

3. CONTRACT.

    Under such contract the plaintiff was required to furnish sufficient means and ability to perform the contract on its part, according to its terms.   (p. 66.)

4. JURY TRIAL—*Cause for Setting Aside Verdict—Improper Evidence.*

    A verdict of a jury will be set aside for the admission of improper evidence, over objection, where it is apparent that such evidence was misleading, and prejudicial to the party complaining.   (p. 67.)

Error to Circuit Court, Ohio County.

Action by the Wheeling Mold and Foundry Company against the Wheeling Steel & Iron Company. Judgment for plaintiff, and defendant brings error.

*Reversed.*

HUBBARD & HUBBARD, for plaintiff in error.

HENRY M. RUSSELL, for defendant in error.

COX, JUDGE:

By a contract in writing bearing date the 16th day of September, 1901, entered into by and between the Wheeling Steel and Iron Company, designated therein as the "owner," and the Wheeling Mold and Foundry Company, designated therein as the "contractor," the latter Company was to manufacture and deliver to the former Company, certain Pipe Mill Machinery. The contract recited that the contractor had full knowledge of the owner's requirements in regard to the machinery, and full knowledge that the building of the machinery was to be begun forthwith and that it was necessary that it should be delivered at Benwood, West Virginia, on or before noon of January 14, 1902. Among other things, the contract provided, in effect, that the contractor should not further engage its capacity so as to militate against the manufacture and delivery of the machinery at Benwood, West Virginia, by noon of January 14, 1902; that neither party should be liable to the other in damages for delays due to wars, strikes, fires or accidents beyond their control; that in case of delay from any of said causes, a certificate for time lost should be required; that all drawings furnished the contractor should remain the property of the owner and be returned to it on completion of the work; that the owner should furnish certain materials including motors to be used in, and in connection with the manufacture of the machinery to be manufactured and delivered by the contractor; that all foundations should be prepared by the owner; that in consideration of the faithful carrying out of said contract, together with all its various stipulations, and the delivery of the machinery at Benwood, West Virginia, by noon of January 14, 1902, the owner should pay the contractor $58,526.00; that if the machinery should be delivered before the date specified, fifty dollars per day should be added to the contract price for each day of twenty-four hours that the machinery should be delivered before the date specified; that in case of delay, fifty dollars for each day of twenty-four hours required to complete and deliver the machinery beyond the time specified, should be deducted from the contract price; that payment of eighty per cent. should be made on monthly estimates until such payments aggregated the sum of $46,820.00; that the remaining twenty per cent. should be

payable thirty days after the complete erection and accept-ance of the machinery.

On the 15th day of April, 1903, this action of *assumpsit* was brought by the Wheeling Mold and Foundry Company against the Wheeling Steel and Iron Company.   $46,825.03, having been paid or credited, the plaintiff claimed the residue of the contract price and, in addition, the amount of certain "extras," not disputed by defendant.   A trial by jury was had resulting in a verdict for plaintiff for $12,298.93, being the residue of the contract price without interest and the amount of the "extras" not disputed.   Defendant moved to set aside the verdict, which motion was overruled and judg-ment was entered on the verdict, and defendant excepted and was afterwards allowed a writ of error to the judgment.

The assignments of error by defendant are numerous.  They may, however, be grouped under four heads:   *First:*   The rejection of defendant's notice of recoupment.   *Second:* The admission and rejection of evidence.   *Third:*   The giving and refusing of instructions to the jury.   *Fourth:* The sufficiency of the evidence to support the verdict,

First, the rejection of defendant's notice of recoupment.

The notice of recoupment proceeded on the theory that defendant might recoup damages for delay in excess of the fifty dollars per day provided by the contract.   At the in-stance of defendant and without objection, the court instruct-ed the jury, in effect, that the contract did not impose a penalty or forfeiture.   The fifty dollars per day for delay to be deducted from the contract price, was in the nature of liquidated damages, and by the amount thereof fixed by the contract, the defendant was bound in an action at law, to recover from it the contract price.   *Welch* v. *McDonald*, 85 Va. 500.   See 19 Am. & Eng. Enc. Law.  422, 412 and 413; *Pettis* v. *Bloomer*, 21 How. Pr. 317; *Texas &c. Ry. Co.* v. *Rust*, 19 Fed. 239; *Kunkle* v. *Wherry*, 189 Pa. St, 198; *But-ton Fastening Co.* v. *Breed*, 163 Mass. 10; *McPhee* v. *Wilson*, 25 U. C. Q. B., 169; *Smith* v. *Smith*, 4 Wend. 468;   *Ma-lone* v. *Philadelphia*, 147 Pa. St. 416, *Streeper* v. *William*, 48 Pa. 450; Sedgwick on Damages (8th Ed.) sections 403 and 419; *Crane* v. *Peer*, 43 N. J. Eq. 553; 13 Cyc. 98.   Defend-ant was not prejudiced by the rejection of its notice of recoup-ment.

Second, the admission and rejection of evidence.

Defendant complains of certain general evidence admitted over its objection. This evidence was principally adduced from witness Blue, president of plaintiff Company, and witness Long, plaintiff's engineer. This evidence was to the effect that plaintiff was diligent generally in the performance of its contract. The evidence consisted of many expressions by the witnesses for the plaintiff, such as the following: We "made as many castings as we could and did as much machine work on them as we could. We did as much, I believe, as anybody could." "We went ahead with the work just as hard as we could." "We performed the contract to the best of our ability in regard to the way material came to us." "Why, it did everything in its power to carry out the contract. That is, in my opinion." "We completed the machine work with all possible speed." "We attempted to push the work as best possible." "No sir, the Company did everything in their power to expedite matters," and the like. These conclusions or opinions were allowed to go to the jury. We will consider this general evidence in the light of Instruction No. 3, given at the instance of the plaintiff, which is as follows: "If the jury find from the evidence that after the making of the written agreement which has been introduced in evidence, the plans mentioned in the said agreement were changed with the consent of both the plaintiff and the defendant, and if they further find that these changes made it impracticable for the work provided for in the said agreement, to be completed within the time specified in the said agreement, and if they further find from the evidence that the plaintiff the Wheeling Mold and Foundry Company, proceeded in good faith and with due diligence and with the use of all means in its power and at its command to proceed with and complete the work provided for in said agreement, and that any delays which may have taken place in the completion of the said work were not due to any neglect or default upon the part of the plaintiff, then the plaintiff is entitled to recover in this action the amount remaining due and unpaid of the contract price provided for in the said agreement without any deduction therefrom by reason or on account of such delay in the completion of the said work." The clause of the instruction to which we direct special attention is sub-

stantially, that if the plaintiff proceeded in good faith and with due diligence with the use of all means in its power and at its command, to complete the work provided for by the contract, the plaintiff was not liable for the delays occurring, but was entitled to the contract price without deduction. The contract in question required plaintiff to deliver the machinery at or before noon on January 14, 1902, about four months from the date of the contract. The machinery was not delivered until about the 23rd day of September, 1902, more than a year from the date of the contract. The agreement to deliver was on the part of the plaintiff. It was incumbent on it to show that it was excusable for the delay, and the court below, in effect, properly so instructed the jury by Instructions Nos. 2 and 3, given at the instance of the defendant. The evidence tending to show good faith and diligence on the part of the plaintiff, or the conclusions or opinions of the witnesses that plaintiff acted diligently or in good faith with the means at its command in the performance of the contract, and Instruction No. 3, given at the instance of the plaintiff, were, we think, erroneous and misleading. We do not think the instruction was cured by the clause therein "that any delays which may have taken place in the completion of the said work were not due to any neglect or default upon the part of the plaintiff." The question to be determined was whether or not the plaintiff was excusable for the delay. It was not excusable because it acted in good faith and with diligence, merely. The requirement from the plaintiff was not that it would act in good faith and with diligence only in performing the contract, but that it would absolutely complete and deliver the machinery at the time and place specified in the contract. The contract required the plaintiff to furnish the means and ability to perform. Plaintiff may have acted in good faith and with diligence with all the means in its power, and yet have lacked sufficient means or ability to perform the contract. The plaintiff was responsible for both means and ability to perform, and it was as much liable for delay occasioned by lack of them, as it would have been for wilful failure to perform. *Jones* v. *Anderson*, 82 Ala. 302. See also *Lewis* v. *Atlas Mutual Life Ins. Co.*, 61 Mo. 534; *Cochran* v. *Ry. Co.*, 131 Mo. 607; *Shouse* v. *Neiswaanger*, 18 Mo. App. 236; *Dermott* v. *Jones*, 2 Wall 1;

*U. S.* v. *Gleason,* 175 U. S. 602; *Cutter* v. *Powell,* 2 Smith's Leading Cases, 1 and note; Story on Contracts, sections 588 and 1334; *The Harriman,* 9 Wall 172, and cases there discussed; Lawson on Contracts, section 422; Parsons on Contracts, section 672, and note 1. The evidence complained of and Instruction No. 3 given at the instance of the plaintiff, tended to make plaintiff excusable for delay, provided it acted in good faith and with due diligence, with the means at its command. This was prejudicial to the defendant. This evidence should have been excluded, and Instruction No. 3, given at the instance of the plaintiff should have been refused. It was proper for the plaintiff to prove that it was prevented from performing the contract, or that it was hindered or delayed in its performance, by the act of the defendant. It was proper for the plaintiff to prove any fact or facts which would, in law, excuse it for delay; but not facts, conclusions or opinions which would not excuse it for delay.

Defendant complains of the admission of evidence tending to show that the machines contemplated by the contract, were completed on September 18th, 1902. It was proper to show this fact as a step in the performance of the contract.

Defendant complains of the rejection of certain evidence, which it claims tended to show the insufficiency of plaintiff's plant to perform the work contemplated by the contract. This evidence was sought to be adduced from witness Julian Kennedy, who was the engineer named in the contract and who made the plans for defendant for said machinery. This witness, from his testimony, is probably an expert upon the question of plants engaged in the manufacture of machinery such as was contemplated by this contract. He was not asked as to his knowledge of this particular plant, nor did he testify as to his knowledge thereof, if he had any. He was simply asked to state the custom of well regulated and well organized plants generally, as to certain matters. We think this evidence was clearly inadmissible, and was properly excluded.

Defendant complains of the rejection of certain evidence tending to show that the plans and drawings were not returned by plaintiff to defendant, as provided by the contract. Evidence tending to show that the plans and drawings were not returned was admitted. Its materiality will hereafter be

adverted to in connection with one of the instructions asked for by defendant.

Defendant complains of the rejection of certain papers and documents comprising the contracts and orders for work, other than the contract sued on, which might have engaged plaintiff's plant during the period from the date of the contract sued on to the date of the completion and delivery of the machinery contemplated thereby, offered for the sole purpose of showing that such other contracts or orders contained no provision by which the price of the work contemplated thereby, would be affected by the time of delivery, and no provision against taking work that would interfere with the carrying out of those contracts or orders. In our view, it was wholly immaterial in this case whether such contracts or orders contained such provisions or not. The requirement on the part of the plaintiff to deliver was not dependent upon its contractual duties to others. These papers and documents, being offered only for the purpose mentioned, were properly rejected.

Third, the giving and refusing of instructions to the jury.

Three instructions were given at the instance of the plaintiff; six at the instance of the defendant, and eleven asked for by defendant were refused. Instructions Nos. 1 and 2, given at the instance of the plaintiff, in our judgment correctly propounded the law. Instruction No. 3, given at the instance of the plaintiff, and heretofore referred to, was erroneous. The chief subject matter of Instructions Nos. 7, 10 and 11, asked for by defendant and refused, was substantially included and the law correctly propounded thereon in Instruction No. 4, given at the instance of the defendant. Instruction No. 8, asked for by defendant and refused, was without evidence upon which to predicate it, so far as we can see from the record. It is not claimed that any delay was due to accident beyond the control of the plaintiff and for which a certificate was required under the contract. Instruction No. 9, asked for by defendant and refused, was to the effect that defendant was not chargeable with delay caused by the corrections of errors in the machinery which might have been discovered in time to avoid delay if the plaintiff had made reasonably careful examinations of the plans and manufactured parts of the machines. This instruction ap-

pears to be proper and should have been given. Instructions Nos. 12 and 13, asked for by defendant and refused, were to the effect that defendant was not chargeable with any delay in the delivery of motors, under the contract, unless plaintiff needed such motors before they were delivered and was unable to occupy the interval with other parts of the work. These instructions seem to us to be correct and one or both of them should have been given. Instructions Nos. 14 and 15, asked for by the defendant and refused, were properly refused as they would have tended, at least in part, to place upon plaintiff a duty not required of it, but required of defendant, by the contract. Instructions Nos. 16 and 17 would, in effect, if given, have instructed the jury that the plaintiff could not recover on the contract sued on, unless the jury believed that it had returned to the defendant all the drawings which had been delivered to the plaintiff under the contract. It is true, that the contract provided for a return of the drawings upon completion of the work, but we do not consider this requirement a condition precedent to the right of the plaintiff to recover, or that it was made so by the contract. This requirement was to be performed at the time of the completion of the work and it was not one of the substantial requirements of the contract, necessary to be performed before anything could be recovered thereon. Instruction No. 18, asked for by defendant and refused, is as follows: "The jury are instructed that the defendant is not chargeable with delay for any period during which the plaintiff failed to push the work under this contract, and instead of so doing, worked on other contracts." As we have said, it was not a question of diligence merely, on the part of the plaintiff. Plaintiff may have worked on other contracts and not on the contract sued on, because of defendant's delay in furnishing motors or materials required to be furnished by it. This instruction wholly eliminates this feature of the case and propounds broadly the doctrine that defendant was not liable for delay, even if caused by its act.

Fourth, the sufficiency of the evidence to sustain the verdict.

If the general evidence of diligence and good faith with the means at hand, which we have held inadmissible, be excluded, then we do not find any evidence in this case showing that

plaintiff was excusable for all the delay in the completion and delivery of the machinery contemplated by the contract. The evidence in the present record does not sustain the conclusion that plaintiff was excusable for all of the last three months delay. The verdict, in effect, found that plaintiff was excusable for all the delay by finding that defendant was not entitled to any deduction from the contract price on account of delay. This verdict, finding that plaintiff was not entitled to any deduction from the contract price for the last three months delay was, in part, without evidence to support it. This case is to be remanded for a new trial. Upon the new trial the evidence may be different from the evidence contained in the present record, and nothing we have said concerning the insufficiency of the evidence to sustain the verdict, should prejudice the parties in a new trial upon different evidence.

For the reasons stated, the judgment of the circuit court of Ohio county, entered on the 21st day of May, 1904, is reversed, and the motion of defendant to set aside the verdict of the jury and grant it a new trial, is sustained. This case is remanded to be further proceeded with in accordance with the principles announced in this opinion.

*Reversed.*