## CHARLESTON

JOHN *v.* ELKINS *et al.*

Submitted June 10, 1907.    Decided December 10, 1907.

1.  VENDOR AND PURCHASER—*Contract—Construction—Option.*

   An agreement dated December 11, 1902, contains the following provisions:    "In consideration of one dollar in hand paid and for the further consideration of one hundred and fifty dollars per acre

for each and every acre used by said second parties for a R. R. over the premises hereinafter mentioned and to be paid upon delivery of a general warranty deed after notice of acceptance by said second parties, * * * * It is further agreed by and between the parties hereto that if a railroad is not commenced or constructed across said land within twelve months from this date then this contract shall be null and void and of no effect, but on the other hand if the road is commenced or constructed within twelve months from this date, across said land, then said second party shall be entitled to hold said strip of land in fee simple, and said second party agrees to pay a reasonable damage if there be any damages done to the buildings now standing, and it is further agreed in the event that the said second parties fail to complete said R. R. within 24 months from this date, then said second parties shall pay to said first party a forfeit or penalty of Two Hundred Dollars for every year said second parties fail to complete said R. R." No notice of acceptance was ever given by the parties of the second part nor was such railroad commenced or constructed across said land within the time mentioned. *Held:* Such agreement was an option and not an executory contract. (p. 164.)

2. SAME.—*Action—Pleading.*

A declaration in an action of *assumpsit* brought on such agreement at the end of three years from the date thereof to recover the penalty of $200 for the failure of the defendants for the first year after the expiration of the 24 months to complete said railroad is bad on demurrer. (p. 165.)

Error to Circuit Court, Monongalia County.

Action by Lemuel N. John against Davis Elkins and George C. Sturgiss. Judgment for defendants, and plaintiff brings error.

*Affirmed.*

E. M. EVERLY and W. S. JOHN, for plaintiff in error.

GLASSCOCK & GLASSCOCK and FRANK P. CORBIN, for defendants in error.

McWHORTER, JUDGE:

This was an action of *assumpsit* brought by Lemuel N. John in the circuit court of Monongalia county against Davis Elkins and George C. Sturgiss upon the following agreement in writing:

"This agreement made and entered into this 11 day of December, 1902, between L. N. John, of the first part, and Davis Elkins and George C. Sturgiss, of the second part,

witnesseth that in consideration of One Dollar in hand paid *and for the further consideration of One Hundred and Fifty Dollars per acre for each and every acre used by said second parties for a R. R. over the premises hereinafter mentioned and to be paid upon delivery of a general warranty deed after notice of acceptance by said second parties, which land so used shall include all land between the fences enclosing said road,* and the benefits and advantages which will accrue to the party of the first part by the construction of a proposed railroad through the land of the parties of the first part by the party of the second part, or their assigns, the party of the first part hereby agrees to sell and convey to the said party of the second part the following described real estate, to-wit:—A strip of land 66 feet wide at the graded surface of the railroad of the party of the second part to be constructed over the lands of the party of the first part, said location through said tract of land to be determined by the engineer of the said second party or their assigns, situate in Cass District, Monongalia County, State of W. Va., adjoining lands of Sample Heirs and Waters and River, estimated to contain 2 1-2 acres, more or less, that is to say, *so as not to unnecessarily injure or close any other possible right away through the said land of L. M. John* the said railroad shall erect and maintain *substantial fence* on each side of said railroad if required by said first parties *and it is further agreed that said second parties shall so construct a culvert at the run on said premises, that said first party shall have a passage way for live stock to and from the river over a solid bed bottom, and to make and maintain one crossing over said R. R.* It is further agreed by and between the parties hereto that if a railroad is not commenced or constructed across said land within *twelve* months, from this date then this contract shall be null and void and of no effect, but on the other hand if the road is commenced or constructed within twelve months from this date, across said land, then second party shall be entitled to hold said strip of land in fee simple, and said second party agrees to pay a reasonable damage if there be any damages done to the buildings now standing, *and it is further agreed in the event that the said second parties fail to complete said R. R. within 24 months from this date, then said second parties shall pay to said first party a for-*

*feit or penalty of Two Hundred Dollars for every year said second parties fail to complete said R. R.*

"In witness whereof the parties hereto have hereunto affixed their signatures and seals the day and year first above written.

> "(Seal)   Lemuel N. John,   (Seal)
> "(Seal)   Davis Elkins,       (Seal)
>          "George C. Sturgiss,
>          "Per J. L. Hatfield, Agent."

The portions of said contract underscored are the portions alleged by plaintiff to have been written in ink.

The purpose of the suit is to enforce the payment of the penalty of $200, as provided in said agreement, for the year ending with December 11, 1905, being the first year for which plaintiff claims the penalty after the twenty-four months from the date of the agreement had expired within which the railroad should be completed.

The declaration contains three special counts upon said writing, besides the common counts. The defendants appeared and demurred to the declaration and to each count thereof in which demurrers plaintiff joined, which being heard the court sustained the demurrers as to the first, second and third counts and overruled the same as to the other counts, when the plaintiff declined to amend his declaration and waived all the other counts and asked that the case be dismissed as to them which was done. The judgment of the court was then that the plaintiff take nothing by his action, and that the same be dismissed with costs to the defendants.

Plaintiff brings the case to this Court upon writ of error and says the court erred in sustaining the demurrer and dismissing the action, and also in holding that the plaintiff was not entitled to recover the sum stipulated to be paid as liquidated damages for delay. The agreement seems to have been a printed form with certain parts written in with pen and ink. The last clause of the last paragraph in the agreement relating to the penalty of $200, for each year of failure to complete the railroad, being so written with pen and ink, the plaintiff in error relies upon the principle governing contracts, that the words written with pen and ink upon a printed form will be given effect over conflictory printed words,.

which as a principle will not be disputed, but to ascertain the intention of the parties the whole contract must be taken and considered together.   Was it the intention of the parties that the railroad should be built in any event, although the parties of the second part should not accept the land for the right of way, not having given notice of acceptance of the offer to sell the land?   There is also written in ink a provision in the first paragraph of the agreement relating to the consideration for the land proposed to be purchased, "to be paid upon delivery of a general warranty deed after notice of acceptance by said second parties."   From this language it would seem that the agreement was only a proposal on the part of the plaintiff to sell to the defendants the right of way and the same was not to be conveyed to them until notice of acceptance of the proposition by the parties of the second part.   This notice was not given and it is not alleged that it was given.

The proposal to sell or to purchase, if you please, the land mentioned in the agreement was for a definite purpose, that was, the building of a railroad and it was specifically agreed between the parties by a provision written with pen and ink that it was "to be paid upon delivery of a general warranty deed after notice of acceptance by said second parties." This amounts to nothing more than a proposal to sell the land to the defendants in case they concluded to accept the same and to give notice of such acceptance.   In *Dyer* v. *Duffy*, 39 W. Va. 148, (Syl. Pt. 2), it is held: "A mere proposal to sell land does not become a sale until acceptance, and notice of acceptance given the proposer."   To constitute a contract there must be an offer and also an acceptance. See *Dyer* v. *Duffy*; *supra*; *Weaver* v. *Burr*, 31 W. Va. 736; *Barrett* v. *McAllister*. 33 W. Va. 738; and *Handley* v. *Waterson*, 39 W. Va. 214.   In *McMillan* v. *Philadelphia Co.*, 159 Pa. 142, 28 Atl. 220, the distinction is drawn between an option and a contract of sale or lease.   It is there said: "An option is an unaccepted offer.   It states the terms and conditions on which the owner is willing to sell or lease his land, if the holder elects to accept them within the time limited.   If the holder does so elect, he must give notice to the other party, and the accepted offer thereupon becomes a valid and binding contract.   If an acceptance is not made

within the time fixed, the owner is no longer bound by his offer, and the option is at an end." *Rivers* v. *Sugar Co.*, 27 Sou. 118, 52 La. Ann. 762; *Schlieder* v. *Dielman*, 10 Sou. 934, 44 La. Ann. 462; 21 A. & E. E. L., 925-926. No notice of acceptance having been given according to the terms of the agreement, and no railroad having been commenced or constructed across said land within twelve months from the date of the agreement, according to its own express terms the same became "null and void and of no effect." Of course, this rendered the whole agreement void; the agreement not having become a contract, the penalty provided for in the last paragraph became inoperative and non-enforceable. Yet, it is insisted by the plaintiff in error that the provision in the last clause of the agreement for liquidated damages is legal, citing 6 Cyc. 17: "A provision for liquidated damages is usual in building contracts."; and also citing *Foundry Co.* v. *Steel & Iron Co.*, 58 W. Va. 62, and many other authorities. In the case of *Foundry Co.* v. *Steel & Iron Co.*, cited, there was a contract for the sale of certain machinery and putting it in place and providing for liquidated damages of $50 for each day the selling company delayed the completion and delivery of all the machinery contracted by the purchasing company, and the contract contained no provision limiting the duration of the period of delay; and it is claimed that the contract in the case at bar is identical in these respects, fixing the liquidated damages at $200 for each year and containing no provision limiting the duration of the period of delay, and it is insisted that the decision in that case is controlling authority upon the point involved in case at bar. There is a wide difference in the two cases. In the Foundry Company case the defendant was a going concern and contracted for the purchase of necessary machinery for its business and there was a consideration in the way of losses not being able to prosecute its business in a perfect manner for lack of the use of the necessary machinery. In that case the contract was complete and in course of execution, one which could be enforced when violated by either party and had none of the elements of an option in it. In case at bar the provision in the agreement sued upon, to-wit, the forfeiture and penalty of $200 for each year, was dependent upon the provision for the sale of the right of way to the parties of the second part,

which, not having been completed by notice of acceptance by the said parties of the second part, became null and void and of no effect.

It is strenuously insisted by plaintiff in error that the defendants contracted and promised to build a railroad, and, upon their failure to complete the same within twenty-four months, then the contract for the payment of the $200 for each year of such failure would be enforceable. When the twenty-four months from the date of the agreement expired the defendants had no place to build a railroad. Their option for the purchase of the land on which to locate it had expired, they not having accepted the terms on which it was offered. It is said by plaintiff in error that there could be no failure to complete the railroad if there was no promise to build it, and having promised to construct the road the defendants were liable for the penalty on their failure to complete it. The building of the road was contingent upon the purchase of the land on which to locate and build it, and the agreement to locate and construct the railroad was necessarily conditioned upon the taking of the land by the defendants for the purposes of a railroad. The minds of the parties never met as to the purchase of the land, the option was never carried into contract by acceptance. The proposed enterprise in which the defendants were engaged was the building of a continuous line of railroad which to be effective would have to pass through and over many other estates and properties; and whether the same should be successfully prosecuted depended upon the success of the parties interested in procuring rights of way through such other properties, and unless successful in procuring such other rights of way the one they were seeking to obtain through the property of the plaintiff in error would be utterly useless to them. This fact alone stamps the agreement containing the provision for acceptance of the offer as an option, and renders the provision for notice of acceptance of the first importance as disclosing the true intent of the parties, and is a complete answer to the contention of the plaintiff in error that "the court should regard the occasion which gave rise to the contract, the obvious design of the parties and the object to be attained as well as the language of the instrument itself and give the instrument that construction which

will effectuate the real intent and meaning of the parties;" and in support of the contention cites *Cobbs* v. *Fontaine*, 3 Rand. 484; *Railroad Co.* v. *Railroad Co.*, 96 Va. 693, (32 S. E. 485); *Gas Co.* v. *Oil Co.*, 56 W. Va. 402; and *Bailey* v. *Hill*, 77 Va. 492.

It is insisted that if the Court should be of the opinion that the written and printed clauses of the contract are consistent and that the contract can be construed so as to give effect to both clauses, then the principles announced in the case of *Roberts* v. *Bettman*, 45 W. Va. 143, applies to this case. We are unable to see how the principles decided in that case can be applied to this case. In *Roberts* v. *Bettman*, the contract in question was an oil and gas lease and the object, on the part of the lessor, was to have his property developed as an oil and gas property and it was presumptively the intent of the lessee to so develop it which development could be effected independently of all other properties and could be operated for the purposes of the lease whether any other property in the neighborhood of it was developed or not. Not so in case at bar. Unless the defendants could succeed in obtaining a continuous right of way through the various estates lying between the points the railroad was intended to run, the right of way through plaintiff's property alone would be utterly useless to the defendants and the railroad if built over the plaintiff's property would likewise have been of no use to him in developing the coal and other products upon his property. Plaintiff suffered no loss or damage. His land and the title thereto was left free from encumbrance by reason of the agreement being rendered void. Where was the consideration passing from plaintiff to defendants which would make the alleged promise to build the road binding upon them? . "A valuable consideration is the relinquishment by the promise of some right which he may lawfully exercise or enforce, or the incurring of some risk or trouble at the instance of the promissor."—*County Court* v. *Hall*, 51 W. Va. 269.

We find no error in the judgment of the circuit court and the same is affirmed.

*Affirmed.*