E. L. Pittsonberger *v.* H. H. Andrews

(No. 7330)

Submitted October 18, 1932. Decided October 25, 1932.

*Leftwich & Shaffer,* for plaintiff in error.
*H. W. B. Mullins,* for defendant in error.

Woods, Judge:

This writ of error is prosecuted to a judgment for plaintiff in the sum of $777.01, the amount found by the jury to be due and owing on the purchase price of certain real estate.

It is apparent from the testimony of both the plaintiff and the defendant that the former had been negotiating with one Martin as a prospective purchaser of a certain lot in the town

of Whitesville, and that defendant, who was president of the Bank of Whitesville and an automobile dealer, was sought out by the plaintiff for the purpose of financing Martin. The lot was encumbered by a $1,000.00 note, secured by a vendor's lien, three years taxes and several judgments, aggregating in all something in excess of $1400.00. In connection with the procurement of a $3500.00 loan for Martin, plaintiff purchased a new $900.00 Whippet sedan automobile from the defendant, the same being treated as a cash item in a like amount on the consideration passing from defendant to plaintiff. A deed was made by plaintiff direct to Martin, the same reciting that it was given in consideration of "Sixty dollars ($60.00) cash in hand paid and other valuable consideration", etc.

The real issue in the case is the amount plaintiff was to receive from defendant as a result of the transaction, the former placing it at $3500.00, while defendant insists that it included only an amount equal to the total of the above-mentioned encumbrances against the property, plus the automobile. It should be stated at the outset that the case is a close one on the facts. During the progress of the trial, witness Martin, who admittedly was not present during plaintiff's negotiations with Andrews, stated: "I was to pay for the value of the property thirty-five hundred dollars, and we arranged with Mr. Andrews to finance it, and as we explained it to each other, he was financing a car, and I was to pay sixty dollars a month and six per cent. interest." This evidence, over objection, was permitted to be considered by the jury in determining the issue between the parties litigant. Prior to the above statement, counsel for the defendant had directed repeated objections against every attempt on' the part of either counsel for plaintiff or the court, to elicit testimony regarding Martin's understanding either as to the purchase price between plaintiff and defendant, or witness and defendant. The trial court finally ruled that the "purchase price" was "a circumstance" to be considered. Thereupon, witness Martin, after inquiring if the question "Who was to pay that thirty-five hundred dollars?" had reference to who was to pay Pittsonberger, and receiving an affirmative

answer, made the statement hereinbefore quoted. A direct statement by witness Martin that he was to, or did, pay defendant a certain amount, would have been proper as a part of the transaction, even though it might not be accorded much weight on the question of the consideration passing from defendant to plaintiff. However, witness under the circumstances of this case, could not testify as to what he understood the consideration to be between defendant and plaintiff. The statement above, when read in its proper setting virtually amounts to a statement that it was his understanding that the plaintiff was to receive thirty-five hundred dollars from the defendant. This was at most hearsay. The case, as already pointed out, being a close one on all the facts, each party was entitled to have it determined only on competent evidence, and to have nothing improperly injected into the case to his prejudice. We cannot say that Martin's statement regarding the purchase price was not considered by the jury as controlling on the issue, and was therefore prejudicial to the defendant's case. Therefore, the jury verdict should be set aside and a new trial awarded. *Wheeling Foundry, etc., Co.* v. *Wheeling Steel, etc., Co.,* 58 W. Va. 62, 51 S. E. 129.

*Reversed; verdict set aside; new trial awarded.*